MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ROGER DINH (NYBN 4979274)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Roger.Dinh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | NO. 14-CR-00183  YGR |
|---|---|---|
| Plaintiff, | ) ) ) | [PROPOSED] **ORDER OF REVOCATION AND DETENTION** |
| v. | ) ) | |
| DARRIAN LEONDRE PERRY, | ) ) | Date: December 15, 2014 |
| Defendant. | ) ) ) | Time: 9:30 a.m. Court: Hon. Kandis A. Westmore |

Defendant Darrian Leondre Perry was charged in an indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On June 25, 2014, Defendant was granted pretrial release on a $50,000 unsecured bond. Defendant's mother, Errikka Richard and Defendant's grandmother, Catherine Richard both signed his bond as sureties.

On August 7, 2014, Defendant pled guilty pursuit to a plea agreement and remained on pretrial release pending sentencing. On August 25, 2014, Defendant appeared before the undersigned, during which Defendant's pretrial release conditions were modified allowing Defendant to be able to request to leave the Halfway House. On September 5, 2014, an additional modification was ordered removing the condition requiring residence at a halfway house and adding the condition requiring Defendant to reside

[PROPOSED] ORDER OF REVOCATION AND DETENTION
NO. CR-14-00183 YGR

1    at his mother's and grandmother's residence.

2       On November 2, 2014, Defendant was encountered by law enforcement officers during a traffic

3    stop where Defendant was a passenger.  He allegedly possessed a stolen firearm, fled from officers

4    during the encounter and was arrested after a foot pursuit.  On November 6, 2014, U.S. Pretrial Services

5    filed, under seal, a petition for an arrest warrant for Defendant relating to his violations of pretrial

6    release conditions.  On November 24, 2014, the Government filed a criminal complaint in a new case

7    charging Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

8       On December 15, 2014, a hearing was held on the Government's motion for revocation of

9    Defendant's pretrial release pursuant to 18 U.S.C. § 3148.  Defendant was present and represented by

10    Assistant Federal Public Defender Angela Hansen.  Special Assistant United States Attorney Roger

11    Dinh appeared on behalf of the Government.  Pretrial Services Officer Josh Libby was also present.

12       For the reasons set forth below, the Court orders that Defendant's pretrial release be revoked and

13    that he be remanded to federal custody pending sentencing.

### LEGAL ANALYSIS

15       The Bail Reform Act requires that in a pretrial posture, the government bears the burden of

16    proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated

17    through the imposition of conditions of release.  A person facing trial generally shall be released if some

18    "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as

19    required and the safety of any other person and the community."  18 U.S.C. § 3142(c).  The Bail Reform

20    Act "mandates release of a person facing trial under the least restrictive condition or combination of

21    conditions that will reasonably assure the appearance of the person as required." *United States v.*

22    *Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

23       After release, the Government may initiate a proceeding for revocation of an order of release by

24    filing a motion with the district court. 18 U.S.C. § 3148(b).  The judicial officer shall enter an order of

25    revocation and detention if the court makes a finding that there is either "probable cause to believe that

26    the person has committed a Federal, State, or local crime while on release; or "clear and convincing

27    evidence that the person has violated any other condition of release; and" finds that either "there is no

28    condition or combination of conditions of release that will assure that the person will not flee or pose a

[PROPOSED] ORDER OF REVOCATION AND DETENTION
NO. CR-14-00183 YGR

1  danger to the safety of any other person or the community" or "the person is unlikely to abide by any

2  condition or combination of conditions of release."  18 U.S.C. § 3148(b).

3  *Commission of a Crime and Violation of Conditions of Release*

4  As provided above, Defendant's arrest and charge in the subsequent criminal matter for being a

5  felon in possession of a firearm provides probable cause to believe that Defendant committed a Federal,

6  State, or local crime while on pretrial release.  In addition, the commission of another crime is a

7  violation of the standard term of his pretrial release.  This creates a rebuttable presumption that no

8  condition or combination of conditions will assure that Defendant will not pose a danger to the safety of

9  any other person or to the community.  18 U.S.C. § 3148.  Defendant did not make a showing that would

10  rebut the presumption and did not oppose the motion for revocation.

11  *Unlikely to Abide by Any Condition or Combination of Conditions of Release*

12  Defendant was released on a $50,000 unsecured bond signed by his mother and grandmother.

13  At Defendant's change of plea appearance on August 7, 2014, Defendant was reminded that all the

14  conditions of pretrial release remained in effect.  Both Defendant's mother and grandmother have put

15  their personal financial statuses at risk by signing Defendant's release bond.  Now that Defendant has

16  failed to abide by the conditions of his pretrial release, their entire future is at risk should the

17  Government seek forfeiture due to Defendant's failure to abide by the conditions of his release.

18  Based on Defendant's alleged commission of another firearm-related crime while on release, his

19  mother and grandmother do not provide sufficient moral suasion, such that it is unlikely that he will

20  abide by the conditions of his release.

21  **CONCLUSION**

22  In light of the above, Defendant's pretrial release is revoked, and he is remanded to the custody

23  of the Attorney General or a designated representative for confinement in a corrections facility separate,

24  to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

25  appeal.  *See* 18 U.S.C. § 3142(i)(2).  Defendant shall be afforded reasonable opportunity for private

26  consultation with counsel.  *See* 18 U.S.C. § 3142(i)(3).  On order of a court of the United States or on

27  request of an attorney for the Government, the person in charge of the corrections facility in which

28

1  Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an

2  appearance in connection with a court proceeding.  *See* 18 U.S.C. § 3142(i)(4).

3

4        IT IS SO ORDERED.

5  Dated: January 13, 2015

6                                                    HON. KANDIS A. WESTMORE
                                                     United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER OF REVOCATION AND DETENTION
NO. CR-14-00183 YGR